UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW H. CASTON,<br><br>         Plaintiff,<br><br>  -against-<br><br>CHEMPRENE LLC (AMMEGA GROUP); TOM JOZEFOWICZ; DAVID RYAN,<br><br>         Defendants. | 7:25-CV-4556 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Matthew H. Caston, of Beacon, Dutchess County, New York, brings this action *pro se*, asserting claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, and the Family and Medical Leave Act of 1993, as well as claims under the New York State Human Rights Law and, perhaps, other claims under state law. He sues: (1) "Chemprene LLC (Ammega Group – Parent Company)" ("Chemprene"), his former employer, of Beacon, New York; (2) Thomas Jozefowicz, Chemprene's "head of human resources" and (3) David Ryan, a Chemprene general manager. Plaintiff seeks backpay, frontpay, and damages.

  By order dated May 30, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the defendants.

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1]

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of the defendants.

If summonses and the complaint are not served on the defendants within 90 days after the date that the summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants "Chemprene LLC (Ammega Group – Parent Company)," Thomas Jozefowicz, and David Ryan;

---

and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that the summonses for the defendants issue.

(2) complete USM-285 forms for those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those defendants to the USMS.

SO ORDERED.

Dated:   June 27, 2025
         New York, New York

                                        JESSICA G. L. CLARKE
                                        United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Chemprene LLC (Ammega Group – Parent Company)
   483 Fishkill Avenue
   Beacon, New York 12508

2. Thomas Jozefowicz
   Chemprene LLC
   483 Fishkill Avenue
   Beacon, New York 12508

3. David Ryan
   Chemprene LLC
   483 Fishkill Avenue
   Beacon, New York 12508